**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

**In re:**

**ANTOL RESTORATION, INC.**

    Debtor.
_____/

**Case No. 08-26402-BKC-JKO**
**Chapter 7**

**KENNETH A. WELT, as Chapter 7 Trustee**

    Plaintiff,
v.

**PATRICK FARINO,**

    Defendant.
_____/

**Adv. Pro. No. 10-03165-BKC-JKO-A**

**MOTION BY PATRICK FARINO TO DISMISS COMPLAINT FOR (I) LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED R. CIV. P. 12(b)(1); (II) FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FED R. CIV. P.12(b)(6); AND/OR, ALTERNATIVELY, (III) FOR EXERCISE OF MANDATORY AND/OR DISCRETIONARY ABSTENTION BY BANKRUPTCY COURT PURSUANT TO 28 U.S.C. §1334(c)(1); AND (IV) DISMISSAL OF ADVERSARY CASE UNDER LOCAL RULE 5011-2(B); AND INCORPORATED MEMORANDUM OF LAW**

    **PATRICK FARINO,** ("Farino" or the "Defendant"), through counsel, files this Motion To Dismiss Complaint For (I) Lack Of Subject Matter Jurisdiction Pursuant To Fed R. Civ. P. 12(B)(1); (II) Failure to State A Cause Of Action Pursuant To Fed R. Civ. P.12(B)(6); And/Or, Alternatively, (III) For Exercise Of Mandatory And/Or Discretionary Abstention By Bankruptcy Court Pursuant To 28 U.S.C. §1334(C)(1); and (IV) Dismissal Of Adversary Case Under Local Rule 5011-2(B); And Incorporated Memorandum Of Law (the "Motion"), and as grounds therefore states, as follows:

A.   **BACKGROUND.**

1.   On October 3, 2008 (the "Petition Date"), Antol Restoration, Inc. ("Antol" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code [D.E. #1].

2.   On May 1, 2009, Plaintiff, Kenneth A. Welt (the "Plaintiff" or "Trustee"), was appointed as Chapter 11 Trustee [D.E. #126].

3.   On June 2, 2009, the bankruptcy case was converted to Chapter 7 by the *Order Granting Trustee's Motion to Convert Case to Chapter 7* [D.E. #168]. Plaintiff is the duly appointed and acting Chapter 7 Trustee.

4.   On June 18, 2010, the Plaintiff filed a five (5) count complaint (the "Adversary Complaint") against Farino for (i) breach of contract; (ii) open account; (iii) unjust enrichment; and (iv) quantum meruit (Counts I through IV); and (v) turnover (Count V [sic]) (the "Adversary Case"). The Plaintiff alleges that this Court has jurisdiction over the subject matter of the Adversary Complaint as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(E). *See* Adversary Complaint, ¶2.

5.   The basis of the Adversary Complaint stems from an ongoing state court lawsuit styled *Antol Restoration, Inc. v. Patrick Farino*, Case No. 07-1130-CA, pending in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, filed on or about April 11, 2007 (the "State Court Litigation").

6.   The State Court Litigation arose from a Work Authorization And Contract (the "Contract") entered into by Farino and Antol on or about September 12, 2004.

7.   The Adversary Case is based solely upon disputed facts giving rise to state law causes of action. This includes Count V of the Adversary Complaint, which despite citing to 11

U.S.C. §542 for its basis, asserts turnover of a disputed debt allegedly due under the Contract which is the subject of the State Court Litigation.

8. The Defendant has not filed a proof of claim in the underlying bankruptcy case nor otherwise consented to the jurisdiction of the Bankruptcy Court.

9. The filing of this Motion shall not constitute a waiver of and expressly preserves, any and all defenses, including but not limited to, those enumerated under Fed. R. Civ. P. 12(b), which may be raised and/or asserted by the Defendant, in any motion, pleading or other court paper to be filed in response to the Adversary Complaint.

B. **ARGUMENT.**

Plaintiff's common law causes of action for breach of contract, open account, unjust enrichment and quantum meruit are not "core" proceedings as promulgated by 11 U.S.C.§157(b) or its "catch all" provisions. At best, these claims are only "related to" the pending bankruptcy case since they are based solely on rights created by state law for which there is no independent federal court jurisdiction, absent the filing of the Debtor's bankruptcy case. More importantly, the Trustee's improper claim for turnover under 11 U.S.C. §542 (Count V), must be disregarded in the core jurisdictional analysis and dismissed with prejudice, as a disingenuous attempt to bootstrap core jurisdiction by pleading a statutory cause of action that simply does not arise in the context of contracting for services under Florida law. Accordingly, because the Trustee has not sued the Defendant under any other theories of recovery for which there is an independent basis for federal court jurisdiction, absent the filing of the Debtor's bankruptcy case, the Adversary Case against the Defendant must be dismissed with prejudice.

### 1. The Trustee's Adversary Complaint Against The Defendant Is A "Non-Core Proceeding" Under 28 U.S.C. §157(b)(2).

The scope of the Bankruptcy Court's subject matter jurisdiction over the Adversary

Complaint is determined by whether the Trustee's substantive claims against the Defendant are "core" matters for which 28 U.S.C.§157(b) provides jurisdictional authority for the Court to enter a judgment or final order in the Adversary Case. Claims that arise "under" or "in" Title 11 are "core" proceedings, while claims that are "related to" Title 11 are "non-core" proceedings. 28 U.S.C. §157(b)(2); *see also, Continental National Bank of Miami v. Sanchez (In re Toledo),* 170 F.3d 1340 (11th Cir. 1999); and *In re General Carriers Corporation*, 258 B.R. 181 (B.A.P. 9th Cir. 2001). A case "arises under" Title 11 if it involves a cause of action created or determined by a statutory provision of Title 11. Proceedings that "arise in" Title 11 refer to matters that do not fall under a specific provision of the Bankruptcy Code, but arise in the context of a bankruptcy case and would have no existence outside of the bankruptcy. *In re Harris Pine Mills*, 44 F.3d 1431 (9th Cir.1995).

Conversely, an action is "related to" the bankruptcy case if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impact the handling and administration of the estate. *Miller v. Kemira (In re Lemco Gypsum, Inc.)* 910 F.2d 784 (11th Cir. 1990); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984); *In re Steele*, 258 B.R. 319 (Bankr. D.N.H. 2001). Although a non-core proceeding may be related to the bankruptcy because of its potential effect on the estate, it does not invoke a substantive right created by the Bankruptcy Code and can exist outside of a bankruptcy case. *Lemco Gypsum*, 910 F.2d at 788; *see also, In re General Carriers Corporation*, 258 B.R.181 (B.A.P. 9th Cir. 2001). In exercising jurisdiction over matters related to the bankruptcy case, the Bankruptcy Court acts as an adjunct to the district court by making findings of fact and conclusions of law which are subject to *de novo* review by the district court, unless the parties agree to be bound. *In re Wood*, 825 F.2d 90 (5th Cir.1987). In the instant case, the Defendant

does not consent nor agree to be bound by the proposed findings of fact and conclusions of law entered by this Court.

The Bankruptcy Courts have long recognized that contract actions are based on state law and are generally deemed to be "non core," absent bankruptcy related defenses such as equitable subordination which are deemed "core" matters. It has also been well established that pre-petition causes of action for breach of contract are non-core proceedings. *In re West Electronics, Inc.*, 1992 WL 184340, *5 (D. N.J. Jan. 9, 1992) (citing *Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir.1990)); s*ee also, In re Charter Co.,* 913 F.2d 1575, 1579 (11th Cir.1990) ("Turnover proceedings are not to be used to liquidate disputed contract claims.... Clearly, Congress envisioned the turnover provision ... to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand."); *In re Williams,* 91 B.R. 609, 611 (Bankr.M.D.Fla.1988) (turnover provision did not apply in dispute over whether estate held title to real property); *In re Prudential Lines, Inc.,* 79 B.R. 167, 181 (Bankr.S.D.N.Y.1987) (turnover provision does not apply to disputed claim to funds); *In re Northwest Exploration Co.,* 71 B.R. 873, 879 (Bankr.N.D.Okla.1987) (turnover provision does not apply to potential accounts receivable). Accordingly, a state law contract or tort action that is not based on any right created by federal bankruptcy law, and that could arise outside the context of bankruptcy, is not a core proceeding. *See, WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596 (S.D. Texas 1999); *see also, Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)(wherein the Supreme Court invalidated the jurisdiction of bankruptcy courts to make final determinations of state law issues in non-core proceedings involving pre-petition breaches of contract).

As the Third Circuit explained in *Beard*, the rationale behind this is that:
> [w]hile a chose in action is property of the estate, and the

> bankruptcy court can determine who owns it, 'the bankruptcy court does not have summary jurisdiction to *enforce* a chose in action against the bankrupt's obligor, even when the bankrupt's rights seem clear.' *In re Lehigh and Hudson River Ry. Co.,* 468 F.2d 430, 433 (2d Cir. 1972) (emphasis in original). Though *Lehigh and Hudson* was decided under the 1898 law, *the principle seems perfectly appropriate to distinguish between a 'core' turnover proceeding and a 'non-core' state-law contract action.*

*Beard,* 914 F.2d at 444 (emphasis added). If the distinction were lost, "every action by a trustee or debtor in possession to recover money or property could conceivably be characterized as a turnover proceeding, effectively eradicating *Marathon.*" *Id.* (quoting 1 Collier on Bankruptcy ¶ 3.01[2][b][iii] at 3-42-43 (15th ed. 1989)). For these reasons, the court in *Beard* held that because the contracts at issue were "merely for rent" they were "only tangentially related to the bankruptcy" and did not constitute core proceedings. *Id.* at 445. Emphasizing this point, the Third Circuit distinguished the contract in *Beard,* in part, with the contract at issue in *In re Arnold Print Works, Inc.,* 815 F.2d 165, 168 (1st Cir. 1987), which, in addition to being entered into post-petition, was also a contract for the sale of estate assets and therefore, an integral party of the bankruptcy. *Id.*

In the present case, Plaintiff has filed an Adversary Complaint seeking damages for breach of contract and various forms of alternative relief, based upon the Defendant's failure to pay obligations allegedly due under the Contract. While it may appear that the Adversary Case is related to the Debtors' bankruptcy because of its potential recovery of damages, it does not invoke a substantive right created by the Bankruptcy Code nor does it arise out of the administration of the estate. Like *Beard*, the Contract in this Adversary Case is "only tangentially" related to the bankruptcy, at most. Furthermore, it is without dispute that the issues involved in this adversary proceeding involve the interpretation of the laws of the State of Florida and do not require the interpretation of any provisions of the Bankruptcy Code.

Therefore, the Adversary Case could exist outside of the Debtor's bankruptcy. Lastly, the outcome of this Adversary Case would not alter the Debtor's rights, liabilities, options, or freedom of action or in any way impact the administration of the case. Accordingly, the Adversary Case is a non-core proceeding not subject to the Court's jurisdiction under 11 U.S.C. §157(b).

> **2.    The Adversary Case Should Be Dismissed With Prejudice In Accordance With The Court's Exercise Of Mandatory And/Or Discretionary Abstention Pursuant To 28 U.S.C. §1334(c)(1) and (2)**.

As stated above, the Adversary Case is a non-core proceeding. Section 1334(c)(1) and (2) of Title 28 of the United States Code sets forth the circumstances upon which a District Court, or a Bankruptcy Court, may or must abstain. This section provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.*

28 U.S.C. §1334(c)(1) & (2)(emphasis added).

> **A.    Mandatory Abstention.**

Subsection (2) is termed the mandatory abstention provision whereby a court must abstain if: (1) the motion is timely, (2) the claim is based on state law, (3) the claim is only "related to" the case under title 11, (4) the matter could not have been brought in federal court, absent the court's bankruptcy jurisdiction, (5) an action is commenced in a State forum, and (6) the action can be timely adjudicated in that forum. *Ackerman, Herbst and Pliskow, M.D., P.A.*, 221 B.R. 568 (Bankr. S.D. Fla. 1998). Here, all six prongs for mandatory abstention are present

by virtue of the pending State Court Litigation instituted by Antol long before the Petition Date.

First, the Defendant has timely filed this Motion to seek abstention. Second, the Adversary Complaint is based purely on state statutory causes of action having nothing to do with the interpretation of federal bankruptcy law. Third, the Debtor's claim, at best, is only "related to" the bankruptcy case under title 11. Fourth, the claims asserted in the Adversary Complaint could not have been brought in federal court, absent the Bankruptcy Court's jurisdiction. Fifth, the State Court Litigation was commenced a year and a half prior to the petition date and is ongoing in the Twentieth Judicial Circuit in and for Charlotte County, Florida. Lastly, the claims asserted in the Adversary Complaint can be timely adjudicated within that State forum. *In re Caranci*, 228 B.R. 777 (M.D. Fla.1998); *In re Castle Rock Properties*, 781 F.2d 159 (9th Cir.1986)(the provisions indicate a "clear congressional policy...to give state law claimants a right to have claims heard in state court). Accordingly, the Court must exercise mandatory abstention as required under 28 U.S.C. 1334(c)(2) and dismiss the Adversary Complaint with prejudice pursuant to Local Rule 5011-2(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida.

### B.    Discretionary Abstention.

Alternatively, notwithstanding the fact that the Adversary Case is a "non-core" matter under the Bankruptcy Code, the Court may exercise its discretionary abstention under 28 U.S.C. §1334(c)(1). The discretionary abstention provision of 28 U.S.C. §1334(c)(1) provides in relevant part:

> Nothing in this section prevents District Court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. §1334(c)(1).

Section 1334(c)(1), permits a bankruptcy court to abstain from hearing a state law claim,

or from hearing a matter that arises under title 11 or in a case under title 11, or that is related to a case under title 11, whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law. *In re Ackerman,* 221 B.R. 568; *see also, Brown v. Shepherd, as Trustee of the Greenwall Liquidation Trust* (*In re Lorax Corp.*), 295 B.R. 83 (Bankr. N.D. Tex. 2003). Pursuant to 28 U.S.C. §1334(c)(1), the Bankruptcy Court has broad discretion to abstain from hearing the Trustee's breach of contract claim and related claims asserted in the Adversary Complaint, which involve purely state law causes of action. *In re Caranci*, 228 B.R.777; *In re Harloff*, 236 B.R. 438 (Bankr. M.D. Fla.1998); *In re Castle Rock Properties*, 781 F.2d 159.

In determining whether to abstain under section 1334(c)(1), courts have developed a non-exclusive list of factors to be considered. These factors include the following:

(1) The effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
(2) The extent to which state law issues predominate over bankruptcy issues;
(3) The difficulty or unsettled nature of the applicable state law;
(4) The presence of a related proceeding commenced in state court or other nonbankruptcy court;
(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) The substance rather than form of an asserted "core" proceeding;
(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) The burden on the bankruptcy court's docket;
(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) The existence of a right to a jury trial;
(12) The presence in the proceeding of nondebtor parties;
(13) Comity; and
(14) The possibility of prejudice to other parties in the action.

*See, Hatcher v. Lloyd's of London,* 204 B.R. 227, 234 (Bankr. M.D. Ala. 1997); *see also, In re Lorax Corp.*, 295 B.R. 83.

This Court should, at a minimum, exercise its discretionary abstention and dismiss the Adversary Case for several reasons. Among those listed above, judicial resources will go to waste if the Court retains jurisdiction, since the Adversary Case is a "non-core" matter and the Defendant has not consented the Bankruptcy Court's jurisdiction. Additionally, in exercising jurisdiction over matters related to the bankruptcy case, the Bankruptcy Court acts as an adjunct to the district court by making findings of fact and conclusions of law which are subject to *de novo* review by the district court, unless the parties agree to be bound. *In re Wood*, 825 F.2d 90 (5th Cir. 1987). Thus, the Court would be limited only to the issuance of a report and recommendation to the District Court with respect to its findings of fact and conclusions of law, which would then be subject to *de novo* review. 11 U.S.C. §157(c)(1).

Given the nature of the Trustee's claims and relief sought against the Defendant, the Adversary Case presents a classic state court action that can (and frequently does) exist outside of bankruptcy. Finally, in the interests of justice or in the interest of comity with state courts or respect for state law, a breach of contract claim, or its' equivalent, is best determined by the state courts which are experienced in adjudicating such cases while affording the parties full and complete relief. Accordingly, the Court should exercise its discretionary abstention under 28 U.S.C. §1334(c)(1) and dismiss the Adversary Case with prejudice pursuant to Local Rule 5011-2(B).

**3.    The Adversary Complaint Should Be Dismissed Against The Adversary Defendant For Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).**

In addition to the grounds warranting dismissal of the Adversary Case as argued above, the Adversary Case must also be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), as made applicable by Fed. R. Bankr. P.7012. As described above, under 28 U.S.C. §1334 jurisdiction is granted to the district courts over four types of bankruptcy matters:

(1) cases under title 11, *i.e.*, the bankruptcy case itself; (2) proceedings arising under title 11; (3) proceedings arising in cases under title 11; and (4) proceedings related to cases under title 11. *In re Heinsohn*, 231 B.R. 48, 55 (Bankr. E.D. Tenn. 1999) (citing *Beneficial National Bank USA v. Best Receptions Systems, Inc.* (*In re Best Reception Systems, Inc.*), 220 B.R. 932, 942 (Bankr. E.D. Tenn. 1998)). The bankruptcy courts may also hear and determine those matters referred to it by the district court and those specifically denominated as core proceedings as provided by 28 U.S.C. §157(a) and (b).

In the instant action, the Trustee has failed to meet the requirements necessary for the Bankruptcy Court to exercise subject matter jurisdiction over the Adversary Complaint. Clearly, actions to recover damages for breach of contract and related relief, are not "core" proceedings as defined by 11 U.S.C. §157(b)(2)(A)-(O) or its "catch all" provisions. Furthermore, such claims do not fall within the jurisdictional limitations established by Section 1334. Indeed, such state law claims, particularly those arising from pre-petition conduct as alleged in the Adversary Complaint, have traditionally and consistently been found to be non-core in nature due to their tenuous relationship to a bankruptcy case. *Beard,* 914 F.2d at 444-45; *In re Novak*, 116 B.R. 626 (Bankr. N.D. Ill. 1990); *In re Sokol*, 60 B.R. 294 (Bankr. N.D. Ill. 1986). Because the conduct alleged to give rise to the claim for breach of contract against the Defendant arose pre-petition and invokes no substantive rights under title 11, the Adversary Complaint must be dismissed with prejudice for lack of subject matter jurisdiction.

This result is not altered by the mere fact that the Trustee has alleged a claim against the Defendant for turnover under 11 U.S.C. §542 (Count V) in an effort to improperly cast state law claims under the pretext of a core proceeding. *Bricker v. Martin*, 348 B.R. 28, 36 (Bankr. W.D. Pa. 2006) (citing *In re Republic Reader's Service Inc.,* 81 B.R. 422, 427-28)("Often a

proceeding, cast in the language of a core proceeding, merely shrouds state law actions under the guise of a bankruptcy issue. A typical example is an adversary proceeding commenced as an action for turnover of property under 11 U.S.C. §542.... If 11 U.S.C. §542 were to be interpreted as expansively as often times urged, every action brought by a debtor-in-possession with the end to recover a money judgment could be construed as an action for turnover"). Therefore, the Trustee's claim for turnover must be disregarded in the core jurisdictional analysis and have no basis in law or fact since the cause of action is tantamount to an order to collect a disputed debt. For these reasons, the Bankruptcy Court lacks subject matter jurisdiction over the Adversary Case and the Adversary Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

    **4.    The Adversary Complaint Should Be Dismissed For Failure To State A Cause of Action Pursuant To Fed. R. Civ. P. 12(b)(6).**

In the event that the Bankruptcy Court finds subject matter jurisdiction over this matter and declines to abstain from hearing the Adversary Case, the Court may still dismiss the Adversary Complaint for failure to state a cause of action for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for dismissal under this Rule, the Defendant argues that the Trustee has improperly pled inconsistent theories of recovery. For example, a party clearly cannot recover on the inconsistent theories of breach of contract and quantum meruit since proof of an express agreement defeats rather than sustains an action based on quantum meruit. *Danieli Corp. v. Bryant*, 399 So.2d 387, 391 (Fla. 4th DCA 1981). Here, Plaintiff's reliance on the Contract prevents recovery on any of its equitable claims. As a result, the Adversary Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief can be granted. Lastly, the Defendant asserts and reincorporates all other factual and legal arguments stated in this Motion as grounds for dismissal of the Adversary

Complaint with prejudice.

**C.      RELIEF REQUESTED**.

Based on the foregoing reasons, the Defendant, Patrick Farino, respectfully requests that this Court enter an Order: (i) granting this Motion and dismissing the Adversary Complaint with prejudice, based upon the Court's exercise of its mandatory and/or discretionary abstention under 28 U.S.C. §1334(c)(1) and (2); and/or alternatively, (ii) dismissing the Adversary Complaint for lack of subject matter jurisdiction failure to state a cause of action for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), as incorporated by Fed. R. Bankr. P. 7012; and (iii) any further relief that this Court deems just and proper.

**Dated this 6th day of August, 2010.**

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        Attorneys for Defendant Patrick Farino
        PNC Bank Building
        200 East Broward Boulevard, Suite 1110
        Fort Lauderdale, Florida  33301
        Telephone: (954) 453-8037
        Telecopier: (954) 453-8010

        By: /s/ Mariaelena Gayo-Guitian
            Mariaelena Gayo-Guitian, Esq.
            Florida Bar No. 813818
            mguitian@gjb-law.com
            Alexandra D. Blye, Esq.
            Florida Bar No. 71499
            ablye@gjb-law.com

14

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY FURTHER CERTIFY** that a true and correct copy of the foregoing was served via electronic mail to Eun K. Chang echang@rprslaw.com and Chad P. Pugatch, Esq.; cpugatch@rprslaw.com, counsel for the Plaintiff, and all other parties and counsel identified on the CM/ECF service list maintained by the Court in this case on the 6th day of August, 2010.

By: /s/ Mariaelena Gayo-Guitian
Mariaelena Gayo-Guitian, Esq.