

**Tagged for Publication**

**ORDERED in the Southern District of Florida on February 11, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:

    **Antol Restoration, Inc.**,

    Debtor.
_____/

Kenneth A. **Welt**, *Chapter 7 Trustee*,

    Plaintiff,

**-v-**

Patrick **Farino,**

    Defendant.
_____/

Case No. 08-26402-BKC-JKO

Chapter 7 (*Previous Chapter 11*)

Adversary Proceeding No.

10-3165-JKO

**<u>Order Denying Defendant's Motion to Dismiss [ECF No. 8]</u>**

Plaintiff Chapter 7 Trustee Kenneth A. Welt initiated this adversary proceeding on June 18, 2010 seeking to recover money damages from Defendant Patrick Farino under an alleged

2004 agreement between Antol Restoration, Inc. (the "Debtor") and the Defendant. The Defendant filed a Motion to Dismiss Adversary Complaint and incorporated Memorandum of Law (the "Motion").[1] Because I conclude that neither permissive nor mandatory abstention applies, and because there is no appropriate basis for dismissal, the Motion is denied.

## Background

On April 11, 2007, the Debtor brought suit to recover an unpaid debt arising from an emergency repair service contract entered into by the Defendant and the Debtor on September 12, 2004 (the "State Court Litigation").[2] The Debtor filed a Chapter 11 voluntary petition on October 30, 2008, and on May 1, 2009, Kenneth A. Welt was appointed as Chapter 11 Trustee. On June 2, 2009, I granted the Trustee's motion to convert this case to Chapter 7.[3] This adversary proceeding commenced nine days after counsel for both parties withdrew from the ongoing state court lawsuit. The State Court Litigation was subsequently dismissed without prejudice for lack of prosecution on November 8, 2010.

## Discussion

### I.    Summary of Claims

The Trustee filed a five-count complaint against the Defendant for (1) breach of contract; (2) open account; (3) unjust enrichment; (4) quantum meruit; and (5) turnover. The Defendant objects to the trustee's Complaint on four grounds: (i) lack of subject matter jurisdiction pursuant

---

[1] *See* [ECF No. 8].

[2] *Antol Restoration, Inc. v. Patrick Farino*, Case No. 07-1130-CA (Fla. Cir. Ct. Charlotte County).

[3] *See In re Antol Restoration, Inc.*, Case No. 08-26402-JKO, ECF No. 168.

to Fed. R. Civ. P. 12(b)(1); (ii) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (iii) exercise of mandatory and/or discretionary abstention under 28 U.S.C. § 1334(c)(1) (such that the adversary proceeding should be dismissed under Local Rule 5011-2(B).[4]

## II. Jurisdiction

Jurisdiction exists under 28 U.S.C. § 1334(b) where a matter is "related to" the bankruptcy proceeding.[5] "Related to" jurisdiction is " primarily intended to encompass tort, contract, and other legal claims by and against the debtor . . . that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others."[6] When a bankruptcy petition is filed, § 1334(b) allows related claims "to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum."[7]

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* … Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and

---

[4] *See* Def.'s Mot. to Dismiss, ECF No. 8.

[5] *Celotex Corporation v. Edwards*, 514 U.S. 300, 308-309 (1995); *accord In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990); *accord In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991).

[6] *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995); *see also Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 911 (9th Cir. 2007).

[7] *Id.*

administration of the bankrupt estate.[8]

The crucial word found in this test is conceivable. "Certainty, or even likelihood, is not a requirement."[9] Precedent indicates that a proceeding is "related to" a bankruptcy case if it affects the amount of property available for distribution or allocation of property among the creditors. If a judgment is entered against Farino (in whole or in part) for the recovery of the alleged debt, the judgment would certainly have a conceivable effect on distribution to creditors.[10]

Furthermore, this is a pre-petition dispute between the debtor and a non-debtor. This indicates that the dispute is related to the bankruptcy proceeding. In *Celotex Co. v. Edwards*, the court noted that "'[p]roceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541.'"[11] Here, the State Court Litigation was filed pre-petition, the claim existed before the bankruptcy filing, and the claim is now property of the estate under 11 U.S.C. § 541(a)(1).

In light of these facts, this court has "related to" jurisdiction under § 1334(b). But the bankruptcy court's authority to hear "related to" cases is not unlimited.[12] This is because there are

---

[8] *Conn. Res. Recovery Auth. v. Lay*, 292 B.R. 464, 470-71 (D. Conn. 2003) (emphasis in original) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 988, n.6 (3d Cir. 1984)). The Eleventh Circuit adopted *Pacor* in *Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990).

[9] *Marcus Hook*, 943 F.2d at 264 (citing *In re Wolverine Radio Co.*, 930 F.2d 1132, 1143 (6th Cir. 1990)).

[10] *See In re Toledo*, 170 F.3d 1340, 1344-46 (11 th Cir. 1999); s*ee also Carter v. Rogers*, 220 F.3d 1249, 1253-54 (11th Cir. 2000) ("Any recovery would reduce the administrative expenses of the sale of the estate property and would perforce increase the amount of estate property available to satisfy creditors' claims."); *Lemco Gypsum*, 910 F.2d at 789 ("resolution [of the dispute must] also affect[] the bankrupt's estate or the allocation of assets among creditors.") (citation omitted).

[11] *Celotex Corporation,* 514 U.S. at 308 (citing COLLIER ON BANKRUPTCY P3.01[1]c[iv] 3-38 (15th ed. 1994).

[12] *Id.* at 307.

certain types of matters "that should be left for state courts to decide" even where "related to" jurisdiction exists under § 1334(b).[13]

### III.     Mandatory abstention under § 1334(c)(2) is not required.

Defendant argues that I must abstain from hearing this case under 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Mandatory abstention is required when a "related to" claim meets the following criteria: [14]

> (1) federal jurisdiction is based solely on § 1334(b);
> (2) the claim is a state law, non-core proceeding;
> (3) an action has commenced in state court; and
> (4) the action could be timely adjudicated in that forum.[15]

I conclude that criteria (1), (2), & (3) are satisfied, but (4) is not.

*1.     Federal jurisdiction is based solely on § 1334(b).*

The Trustee's Complaint sets out five claims against Defendant.  Four are Florida state law claims and the fifth purports to encompass the Bankruptcy Code.  Even so, I exercise jurisdiction over each claim *only* because it is "related to" to the bankruptcy case, as discussed in Part II.

---

[13] *Zale,* 62 F.3d at 752 (quoting *Lemco Gypsum*, 910 F.2d at 787-88 (citations omitted)).

[14] *Hayim v. Goetz (In re SOL, LLC )*, 419 B.R. 498, 504 (Bankr. S.D. Fla. 2009).

[15] *Id.* at 504;  *United Container*, 284 B.R. at 171.

Moreover, the Trustee has not alleged in the Complaint[16] or Response[17] that I exercise jurisdiction outside of 28 U.S.C. § 1334(b).

*2.     The claim is a state law, non-core proceeding.*

The Trustee concedes that this matter is not a core proceeding under 28 U.S.C. § 157(b)(2)(E).[18] However, a "[f]inding that the matter is non-core does not result in dismissal of the Complaint. The Bankruptcy Court retains jurisdiction over related matters under 28 U.S.C. § 157(c)(1)."[19] Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,[20] and a bankruptcy judge may also hear a non-core proceeding, but must submit proposed findings of fact and conclusions of law to the District Court.[21]

Because the Defendant does not consent to be bound by any judgment I enter here,[22] I will be limited after trial to submitting proposed findings of fact and conclusions of law to the District Court if I find I have jurisdiction after examining the provisions of § 1334(c)(1) and (c)(2).

*3.     An action has commenced in state court.*

The Debtor commenced an action against the Defendant in the Twentieth Judicial Circuit of Florida on April 11, 2007, well over a year before it filed a petition for relief under Chapter 11.

---

[16] Trustee sets out that this Court exercises jurisdiction under 28 U.S.C. § 157. *See* Pl.s Comp., ECF No. 1.

[17] *See* Pl.s Resp. at 2-4, ECF. No. 11.

[18] *See* Pl.'s Resp. at 2, ECF No. 11.

[19] *White v. Brooks*, *(In re Lyons Transp. Lines, Inc)*, 150 B.R. 15, 17 (Bankr. W.D. Pa. 1993).

[20] 28 U.S.C. § 157(a).

[21] § 157(c)(1).

[22] *See* Def.'s Mot. Dismiss Adv. Proc. at 4-5, ECF No. 8.

However, the state court action was dismissed without prejudice for lack of prosecution.

Some courts hold that this third "commenced" criterion is not satisfied if the party moving for abstention "has offered no evidence that there is a pending state court action."[23] But at the January 26, 2011 pretrial conference, Defendant's counsel argued that the Defendant should not be prejudiced merely because the Plaintiff allowed the state court action to be dismissed without prejudice for lack of prosecution. Defendant's counsel argued that I should conclude that an action has been commenced in state court for the purposes of this motion to dismiss. I agree and conclude that the Plaintiff's lack of prosecution in state court cannot bolster his position here.

*4.     The action could not be timely adjudicated in that forum.*

While the first three criteria for mandatory abstention are satisfied, the fourth is not. The burden is on the moving Defendant to show that this action can be "timely adjudicated" in the state forum where it was commenced,[24] but he is not required "to present specific, convincing proof that the proceedings would be tried sooner in the state court than in federal district court."[25] Instead, courts interpreting the phrase "timely adjudication" have "not focused primarily on when the case would be tried but rather on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case."[26] Seven factors are relevant here:

(1)     backlog of the state court and federal court calendar;

---

[23] *See, e.g., In re Container Transport*, 86 B.R. 804, 806 (Bankr. E.D. Pa. 1988) (citing *In re Earle Industries, Inc.*, 72 B.R. 131, 132-33 (Bankr. E.D. Pa. 1987).

[24] *United Container*, 284 B.R. at 174 (citing *In re Midgard Corp.*, 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997).

[25] *Id.*

[26] *Id.* (internal citations omitted).

(2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced);

(3) status of the bankruptcy case;

(4) the complexity of the issues to be resolved;

(5) whether the parties consent to the bankruptcy court entering judgment in the non-core case;

(6) whether a jury demand has been made; and

(7) whether the underlying bankruptcy case is a reorganization or liquidation case.[27]

In the case before me, only factors (2) and (5) support the Defendant's contention that timely adjudication is possible. Factor (2) supports the Defendant because discovery has been commenced (although the case has admittedly progressed sluggishly). And factor (5) supports the Defendant because he has given notice that he will not consent to my entry of a final judgment.

Factors (1), (3), (4), and (6) support the Trustee's contention that timely adjudication in state court is not feasible. Factor (1) supports the Trustee because the backlog of cases on the Charlotte County Circuit Court's docket is far more daunting than mine.[28] Factor (3) supports the Trustee because this bankruptcy case has been ongoing since late 2008 and it is in the estate's interest for this case to be promptly adjudicated. Factor (4) supports the Trustee because the claims are governed by well-settled law; I will have no difficulty in determining and applying relevant Florida law. And factor (6) supports the Trustee because no jury demand has been made.[29] Factor 7 is

---

[27] *Id.* at 175.

[28] Twentieth Judicial Circuit of Florida, PERFORMANCE REPORT 2010, at 13 (*available at* http://www.ca.cjis20.org/pdf/PerformanceReport2010.pdf).

[29] *See* ECF No. 3.

generally irrelevant because "in a Chapter 7 case or a Chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, [factor (7)] . . . is seldom significant."[30]

Not only do four of seven factors weigh against abstention, but the overall analysis of the timely adjudication factors "must be done with a primary 'focus on the larger concern of whether the administration of the bankruptcy estate will be impaired by adjudication in state court.'"[31] Abstention here would clearly impair the administration of this bankruptcy estate. The state court has an overwhelming backlog of 31,000 civil foreclosure cases;[32] this bankruptcy case has been ongoing since October 30, 2008; it is now February 2011; and the estate has an interest in settling all claims related to the bankruptcy as soon as possible so that the Trustee may distribute assets to creditors and close this Chapter 7 case. The substantial backlog of cases in the Circuit Court for Charlotte County heavily influences my decision. I find that if this case were to go back to state court, it would not be timely adjudicated. I accordingly find that mandatory abstention is not required.

**IV.     Permissive abstention under § 1334(c)(1) is not warranted.**

28 U.S.C. § 1334(c)(1) grants a District Court broad discretion to abstain from hearing a proceeding where the claim involves a non-core proceeding more appropriately adjudicated in state

---

[30]. *Id.* (quoting *Midgard*, 204 B.R. at 779); *cf. In re World Solar Corp.*, 81 B.R. 603, 612 (Bkrtcy. S.D. Cal. 1988) ("If the underlying bankruptcy case is a Chapter 11 case and it is prior to confirmation, any significant delay in resolving claims which might substantially enhance the viability of the estate may prove fatal to the reorganization . . . [t]hus . . . timely adjudication may be a critical factor on the decision to abstain.").

[31]  *Id.*

[32]  Twentieth Judicial Circuit of Florida, PERFORMANCE REPORT 2010, at 13 (*available at* http://www.ca.cjis20.org/pdf/PerformanceReport2010.pdf).

court.[33, 34] Courts consider several factors when determining whether cause exists for permissive abstention:

(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable state law,

(4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,

(5) the jurisdictional basis, if any, other than § 1334(b),

(6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden of the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to jury trial,

(13) comity, and

---

[33] *In re Caranci*, 228 B.R. 777, 778 (Bankr. M.D. Fla. 1998).

[34] 28 U.S.C. § 1334(c)(1) provides in full:
Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(14) the possibility of prejudice to other parties in the action.[35]

This list, however, is non-exhaustive and no one factor is determinative.[36]

Factors (2), (5), and (13) support permissive abstention here. Factor (2) supports abstention because the Debtor's complaint sets out relief based almost entirely upon state law claims. Factor (5) supports abstention because I have determined that there is no independent basis for federal jurisdiction other than § 1334(b). Factor (13) supports abstention because "cases arising under state law should generally be tried in the state court."[37]

Factors (3), (6), (8), and (9) weigh against abstention.[38] Factor (3) does not support abstention because the matters involved here are simple contract claims governed by well-settled Florida law. Factor (6) weighs against abstention because the Trustee's claims could affect the bankruptcy proceeding by altering distribution of assets to creditors.[39] Factor (8) weighs against abstention because the bankruptcy court's ability to sever the state law claims from the bankruptcy proceeding is virtually impossible given that the Circuit Court for the Twentieth Judicial Circuit has

---

[35] *Brown v. Shepard (In re Lorax Corp.)*, 295 B.R.83, (Bankr. N.D. Tex. 2003) (distinguished on other grounds); *Mack v. Chambers (In re Mack)*, No. 6:06-cv-1782, 2007 Bankr. LEXIS 30114, at *24 (M.D. Fla. 2007); *see Hatcher v. Lloyd's of London,* 204 B.R. 227, 234 (Bankr. M.D. Ala. 1997).

[36] *In re Mack*, 2007 LEXIS 30114, at *25.

[37] *United Container*, 284 B.R. at 177.

[38] Factor (4) also arguably weighs against abstention because there is no state court action pending but, as I have noted above for purposes of this motion, the Defendant should not be prejudiced by the Plaintiff's lack of prosecution in the state court action (which was dismissed without prejudice such that the Plaintiff could presumably refile at any time).

[39] "Despite being a non-core proceeding, the degree of relatedness of the proceeding to the main bankruptcy case is apparent as it may affect the recovery by creditors." *Premiere Network Servs. v. Southwestern Bell Tel. L.P. (In re Premiere Network Servs.)*, No. 04-33402-HDH-22, 2005 Bankr. LEXIS 3245, at *29 (N.D. Tex. 2005). *But see United Container*, 24 B.R. at 178 ("[T]he lawsuit at issue could have a peripheral impact on the bankruptcy estate sufficient to establish related to jurisdiction, but still insufficient to require the court to exercise such jurisdiction.")(citing *In re Titan Energy, Inc.*, 837 F.2d 325, 332 (8th Cir. 1988).

a backlog of 31,000 foreclosure cases.[40] Severing the state law claims would severely impede the progress of this bankruptcy case because the state court is overwhelmed with other cases. And factor (9) does not support abstention because, busy as this court's docket is, it is not as overburdened as the Circuit Court sitting in Charlotte County. Accordingly, the factors do not support permissive abstention.

**V.      The complaint sufficiently states a claim upon which relief may be granted.**

Finally, the Defendant moves under Fed. R. Civ. P.12(b)(6) to dismiss the Trustee's complaint for failure to state a claim upon which relief can be granted. "A motion to dismiss may only be granted in the clearest of cases. . . . A complaint should not be dismissed for insufficiency unless it appears a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."[41] Here, the Defendant utterly failed to show that the Trustee is not entitled to the requested relief. The Defendant merely pointed out that several claims were inconsistent with each other. It is common practice for parties to plead inconsistent claims in the alternative. Fed. R. Civ. P.8(d)(3) authorizes inconsistent and alternative pleadings.[42] Accordingly, I will not dismiss the Trustee's complaint for failure to state a claim.

---

[40] Twentieth Judicial Circuit of Florida, PERFORMANCE REPORT 2010, at 13 (*available at* http://www.ca.cjis20.org/pdf/PerformanceReport2010.pdf).

[41] *Swartz v. Eberly*, 212 F. Supp 32, 36 (E.D. Pa. 1962); *see Kronmuller v. West End Fire Co.*, 123 F.R.D.170, 173 (E.D. Pa. 1988) (Even if we doubt[] that plaintiff would ultimately prevail, so long as plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted.).

[42]. Fed R. Civ. P.8(d)(4)(2011) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

**<u>Conclusion</u>**

I may exercise jurisdiction under 28 U.S.C. § 1334(b) and §157(c). Considering the backlog of foreclosure cases in the Circuit Court for the Twentieth Judicial Circuit, mandatory abstention is not required and permissive abstention is inappropriate. The Trustee has asserted several claims for which relief can be granted and dismissal under Fed R. Civ. P.12(b)(6) is not warranted. I shall accordingly hear this matter and, if this case is tried, submit proposed findings of fact and conclusions of law to the District Court under Fed. R. Bankr. P. 9033. The Defendant's Motion to Dismiss **[ECF No. 8]** is **DENIED**.

SO ORDERED.

# # #

*The Clerk of Court is directed to provide copies of this order to all registered interested parties.*